IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
LISA R. JONES,                        )
                                      )
            Plaintiff,                )    Case No. 07-1077-HO
                                      )
      v.                              )    ORDER
                                      )
Commissioner of Social Security,      )
                                      )
            Defendant.                )
_____)
```

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff asserts disability beginning June 8, 2003, and ending January 1, 2005, due to a rupture of her right patellar and left Achilles tendons, bursitis in her right shoulder, depression, and obesity. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) discounting the opinion of Dr. Ira Weintraub; (2) finding plaintiff's depression non-severe; (3) finding plaintiff not credible; (4) not considering the vocational impact of plaintiff's need to use an assistive device for ambulation; and (5) disregarding lay witness testimony.

1.  Plaintiff's Credibility

Plaintiff fell in June of 2003 resulting in a dislocated patella and ruptured Achilles tendon. Plaintiff testified that she had significant limitations including being bedridden for four to five months after surgery, needing a wheel chair for two to three months about eight months after surgery and needing cane until seventeen months after surgery. Plaintiff also testified to severe limitations regarding sitting, standing and walking such that she could stand for a total of one to two hours and only sit for two hours in an eight-hour day. Plaintiff testified that during this time period she could not cook, wash dishes, or shop. Tr. 234.

The ALJ found plaintiff to lack credibility because plaintiff's testimony was inconsistent with the record and daily activities, among other reasons. Tr. 22-23. During a disability interview plaintiff reported that after three and a half months she was able to resume her work as a care giver for her grandmother, Tr. 62, but at the hearing plaintiff testified that she did not resume such work for one and a half to two years. Tr. 216.

2 - ORDER

Plaintiff reported to a psychologist that she was required to be non-weight bearing for three months, Tr. 161, but at the hearing she stated she was bedridden for four to five months. Tr. 222-23. Additionally, the record shows that in May off 2004, plaintiff was observed ambulating with no difficulty without an assistive device, Tr. 69, and in August of 2004 she reported using no assistive device, Tr. 138, despite testifying that she used a walker until April or May of 2004 and then used a cane all of the time for five or six months more. Tr. 224.

The ALJ noted that plaintiff made inconsistent statements regarding her drug and alcohol use following her surgery. Tr. 22. Plaintiff testified initially that she did not use drugs or alcohol following surgery. Tr. 227-33. However, the record reveals that she was drinking heavily and using cocaine during this period. See, e.g., Tr. 127.

The ALJ noted that plaintiff's daily activities were also inconsistent with her alleged limitations. Tr. 22-23. The record revealed daily activities that included providing care for her grandmother, cooking, and grocery shopping. See, e.g., Tr. 134, 162. The ALJ properly relied on the prior inconsistent statements in finding plaintiff to lack credibility. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).[1]

---

[1] Plaintiff also asserts error on the ALJ's part for using her daily activities as evidence of ability to work. However, the ALJ
(continued...)

3 - ORDER

Because the ALJ properly discredited plaintiff's testimony, the ALJ did not err in his consideration of plaintiff's need to use assistive devices for ambulation either.

2. Treating Physician

Plaintiff asserts that ALJ improperly discounted the opinion of Dr. Ira Weintraub. Plaintiff does not point to a specific functional assessment from Dr. Weintraub that indicates she is unable to work, but states that Dr. Weintraub opined that plaintiff can only do minimal activities and that she may have some permanent disability. See Tr. 146-159. To the extent that ALJ did not account for all limitations noted by Dr. Weintraub, the ALJ properly discredited Weintraub's opinion because it was largely based on plaintiff's subjective complaints, which as noted above, are suspect. See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989) (ALJ may properly disregard treating physician opinion based in large part on plaintiff's own account of limitations).

3. Depression

Plaintiff contends that the ALJ failed to find her depression severe. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality

---

[1](...continued)
recited plaintiff's daily activities as evidence of her inconsistent statements.

4 - ORDER

that has "no more than a minimal effect on an individual's ability to work." See SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)(adopting SSR 85-28).

In August of 2004, Peter LeBray, Ph.D., following a review of records, concluded that plaintiff's depression was not severe and caused no limitations. Tr. 174, 178. Plaintiff testified that her depression responded well to medication. Tr. 227. Plaintiff cites the assessments of Pam Griffor. M.S., and Jane Starbird, Ph.D., as evidence of the severity of her depression. However, Griffor does not identify limitations beyond repeating plaintiff's subjective complaints. See Tr. 184-85. Dr. Starbird noted that plaintiff stated that her depression is manageable and identifies no functional limitations beyond plaintiff's own assessment. Tr. 161, 163-64. The ALJ did not err in failing to find plaintiff's depression severe.

4. Lay Witness Testimony

Plaintiff asserts that the ALJ failed to consider the statements of Renita Pettis, Tr. 88-96, 115, which plaintiff asserts demonstrates that plaintiff could not work during the relevant time period. As noted above, the ALJ found allegations of assistive device use not credible and otherwise accepted limitations regarding plaintiff's ability to walk and stand. Failure to specifically address the statements is harmless as the

5 - ORDER

ALJ provided adequate reasons for his assessment of plaintiff's limitations and already considered the limitations in the areas identified by Pettis. See Stout v. Commissioner 454 F.3d 1050, 1056 (9th Cir. 2006) (failure to properly discuss lay testimony harmless if no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination).

5.   Assistive Device for Ambulation

Plaintiff contends that the ALJ failed to consider her need for an assistive device in determining her residual functional capacity. As noted above, the ALJ properly discounted plaintiff's testimony regarding the use of assistive devices and otherwise accounted for plaintiff's limitations in ambulation.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this   26th   day of   February   , 2009.

                                         s/ Michael R. Hogan
                            UNITED STATES DISTRICT JUDGE

6 - ORDER